JASON M. HOLTON, Doing Business as HOLTON LUMBER COMPANY, Respondent, v. H. L. STROUD, Appellant.

St. Louis Court of Appeals, March 26, 1901.

**Practice, Trial:** PRACTICE, APPELATE: PARTY BOUND BY ISSUES RAISED IN TRIAL COURT. In the case at bar, under the peculiar circumstances of the record, appellant is not entitled to "change front" in the appellate court and secure a reversal of the judgment upon the probative effect of collateral evidence, most likely inadvertently brought into the case, and which respondent should have had an opportunity to explain or controvert in the trial court, if appellant intended to base any defense thereon.

Appeal from St. Louis City Circuit Court.—*Hon. Franklin Ferris,* Judge.

AFFIRMED.

Holton v. Stroud.

STATEMENT OF THE CASE.

The petition in this case alleges, in substance, that defendant, through his agent, made a contract with plaintiff in said agent's name in writing, wherein he agreed to furnish and sell to plaintiff at Garfield, Arkansas, certain fence posts at certain prices fully set forth, and further agreeing to rick said posts in defendant's yards at Garfield and to load the same on cars at that point as plaintiff might order; also agreeing to report to plaintiff at the end of each month the number of posts procured and ricked, in consideration of all of which, plaintiff agreed to purchase said posts at the prices named and to advance, at the end of each month, three-fourths of the contract price of the posts so·reported, and the remaining one-fourth, after the same had been shipped by defendant and counted at destination and found to be up to grade. It was further alleged that defendant did thereafter, from January, 1894, to February, 1895, report to plaintiff that he had in his yards at Garfield certain posts subject to plaintiff's order and that plaintiff paid to defendant as agreed, three-fourths of the contract price of said posts, amounting to $547.68. It was further alleged that on January 18, 1897, a number of posts were due to plaintiff from defendant by said agreement, which defendant failed and refused to ship, and that the reasonable market value of the same was $730.25, wherefore, plaintiff was damaged in said sum of $547.68, being three-fourths of the market value of the unshipped posts and interest thereon from January 18, 1897.

The defendant's answer was a general denial. The case was submitted to the court without a jury. The court made the following finding of facts, and gave judgment accordingly, to-wit:

Vol 88 app—8

"The court finds the facts as follows: A contract was made between plaintiff on one side and M. T. C. Marshall, in his own name, on the other for the sale and delivery of posts by Marshall to plaintiff. The contract was made in 1893 and continued in operation for a considerable period of time, posts being delivered from time to time thereunder, and payments being made therefor. When the contract was made, said Marshall was acting as agent for defendant in conducting a business for defendant at Garfield, Arkansas, and the contract was made in the course of, and as a part of, such business; the defendant being, as to plaintiff, an undisclosed principal.

"There is now due plaintiff under said contract a balance of $497.71 for posts paid for but not delivered. When plaintiff learned of the fact of the agency he elected to hold defendant. The breach complained of occurred in 1897.

"On the foregoing facts I find, as a matter of law, that defendant is liable to a judgment against him for $497.71, with interest at six per cent from date of suit."

*Bryan & Christie* for appellant.

(1) A finding of fact by the trial court, not supported by substantial evidence, will be reviewed by the appellate court. Garrett v. Greenwell, 92 Mo. 120; Ackley v. Staehlin, 56 Mo. 558; Powell v. Railroad, 76 Mo. 80; Hewitt v. Dougherty, 25 Mo. App. 326; Mauerman v. Railroad, 41 Mo. App. 348; Moore v. Hutchinson, 69 Mo. 429. (2) The ground on which an undisclosed principal is held liable on the contract of his agent is, that such principal has received the benefits of the contract; and not that any reliance was placed upon the credit of the principal. If, before the discovery of the fact of agency by the other party to the contract, the principal set-

tles with his agent so that the principal no longer has the benfits or fruits of the contract, but turns over to the agent such fruits or benefits, the principal is not liable. (3) Where the plaintiff's evidence discloses facts constituting a complete defense in law to plaintiff's case, the court should declare the law to be that plaintiff can not recover. For example, if in an action against an undisclosed principal, the plaintiff's evidence discloses the fact that, before plaintiff's discovery of the agency, the agency accounts had been finally settled between the principal and the agent all the benefits of the contract, the plaintiff can not recover. Hudson v. Railroad, 101 Mo. 31; Melburn v. Railroad, 86 Mo. 104; Schlereth v. Railroad, 96 Mo. 509; McFarland v. Railroad, 125 Mo. 253. (4) The defendant, by putting in his evidence after his request for such an instruction had been overruled, did not waive his right to have the ruling of the court reviewed. The only effect of defendant's introduction of evidence is, to require this court, in reviewing the ruling of the trial court, to look to the entire evidence in the case. Eswin v. Railroad, 96 Mo. 290.

*Thomas A. Warren* for respondent.

(1) A litigant will not be permitted to try a case on one theory and recover upon another. (Needs no authorities.) (2) Defendant may plead separately in his answer as many defenses as he may have; but they must be consistent. Crowder v. Searcy, 103 Mo. 97; Atterbury v. Powell, 29 Mo. 429. (3) The test of inconsistent defenses is, whether the proof of one necessarily disproves the other. Nelson v. Bradhock, 44 Mo. 596; Patrick v. Gas Light Co., 17 Mo. App. 462; McCormick v. Kaye, 41 Mo. App. 263; Nelson v. Wallace, 48 Mo. App. 193; Cox v. Bishop, 55 Mo. App. 135.

Holton v. Stroud.

BOND, J.—There was abundant testimony tending to support the finding of facts made by the trial court on the submission of this case. The only question of difficulty presented by the appeal is the contention now made, that it appeared from some of the documentary evidence introduced by respondent on the trial, that appellant had terminated his relationship as principal with the agent who contracted with respondent, prior to the breach of the contract, for which this suit was brought. Whatever force should be attached to this fact, appellant has debarred himself by his conduct on the trial from invoking it as a defense to the present action. Not only did appellant omit to set up in avoidance of respondent's demand by his pleadings, but when the trial court called upon his attorney, and the attorney for respondent, to state the issues and their relative positions, the answer given was in substance that the defense was confined to the traverse of the proposition that the contract in suit was made by one Marshall, acting as agent of his undisclosed principal, appellant, this being the limit of the defense made on the trial. The mere fact that respondent, while introducing documentary evidence of the contract between appellant and Marshall to establish the relationship of principal and agent between them, put in, also, a separate statement or attached paper which tended to show a cessation of the agency before the breach of the contract, should not be a ground of reversal in this court. For, if appellant had not confined its defense in the lower court to the single issue of a denial of agency on its behalf in the making of the contract, the learned counsel for respondent would doubtless have been more guarded in the introduction of his evidence, nor would the trial court have been misled as to the scope of the issues presented to it for decision. Bensieck v. Cook, 110 Mo. l. c. 182.

Under the peculiar circumstances of this record, appel-

lant is not entitled to "change front" in this court and secure a reversal of the judgment upon the probative effect of collateral evidence, most likely inadvertently brought into the case, and which respondent should have had an opportunity to explain or controvert in the lower court, if appellant intended to base any defense thereon. A careful examination of the record in this case, indicates that the judgment is for the right party. It is, therefore, affirmed. All concur.